IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ANDREW K. POLLOCK and
JESSICA A. POLLOCK,

   Plaintiffs,

  v.

STATE FARM FIRE AND CASUALTY
COMPANY,

   Defendant.

       **CASE NO:**
       **7:25-cv-156–WLS**

:
:
:
:
:
:
:
:
:
:
:
:
:

_____

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 7) and Motion for Oral Argument (Doc. 8) (together the "Motions"). After review, the Court denies the Motion to Dismiss. Although Defendant State Farm Fire and Casualty Company points to supposed deficiencies in Plaintiff's allegations of breach, those deficiencies, to the extent they exist, do not run afoul of *Iqbal* or *Twombly*. Defendant's argument that prejudgment interest is a cost of litigation allowed exclusively under O.C.G.A. § 33-4-6 is incorrect for the reasons discussed below. Further, as the pleadings in the Record and Defendant's brief are fully adequate for the Court's review, consideration, and resolution, no hearing is necessary. Therefore, the Court denies the Motion for Oral Argument.

## I. PROCEDURAL BACKGROUND

Plaintiffs commenced the above-captioned action on September 15, 2025, by filing a Complaint (Doc. 1-2 at 1–8) in the Superior Court of Lowndes County, Georgia. In Count One, the Complaint asserts a breach of contract claim. For relief, Plaintiffs seek (1) compensatory damages in the full amount of damages sustained by Plaintiffs as a result of the Loss; (2) bad faith damages in the amount of 50 percent of the total compensatory damages awarded or $5,000, whichever is greater; (3) attorney fees and costs; (4) pre- and post-judgment interest; and (5) such other damages and relief deemed just. (*Id.* ¶ 31).

On November 7, 2025, Defendant filed its Special Appearance Answer and Defenses (Doc. 1-2 at 96–106) and Notice of Removal (Doc. 1), pursuant to 28 U.S.C. § 1332, invoking

1

this Court's diversity jurisdiction. After removal, on November 14, 2025, Defendant filed an Amended Answer and Defenses of Defendant (Doc. 6), the instant Motion to Dismiss, and the Motion for Oral Argument. Plaintiffs filed a Brief in Opposition to Defendant's Motion to Dismiss and Request for Leave to Amend Complaint (Doc. 10) ("Response"). However, they inexplicably withdrew their Response after Defendant filed its Reply (Doc. 16) along with a motion to strike[1] (Doc. 15) the Response. The Motions pending before the Court at this time are fully briefed and ripe for resolution.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted.[2] A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (per curiam)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to

---

[1] Defendant's Motion to Strike Plaintiffs' Response to Defendant's Motion to Dismiss and Request for Leave to Amend Complaint, as amended (Docs. 15, 17) have been resolved by separate Order.

[2] As a threshold issue, the Court notes that Federal Rule of Civil Procedure 12(h) provides that "[f]ailure to state a claim upon which relief can be granted, . . . or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). An answer to a complaint is included in the pleadings allowed under Rule 7(a). As Plaintiffs did not raise this issue in their pleadings, the Court declines to consider whether Defendant waived the filing of a Rule 12(b)(6) motion by filing its Answer prior to filing the instant Motion to Dismiss, or whether such motion should be construed as a Rule 12(c) motion for judgment on the pleadings—which, in any event, would result in applying the same standard as in a Rule 12(b)(6) motion.

draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

## III.   MOTION TO DISMISS

### A.  Plaintiffs' Failure to Respond

As an initial matter, Plaintiffs—who are represented by counsel—effectively failed to respond to the Motion to Dismiss by withdrawing their Response. However, a district court may not "grant [defendant]'s motion to dismiss solely on the plaintiffs' failure to respond in opposition." *Giummo v. Olsen*, 701 F. App'x 922, 924–25 (11th Cir. 2017) (per curiam); *see Woodham v. Am. Cystoscope Co of Pelham*, 335 F.2d 551, 556 (5th Cir. 1964)[3] (holding that dismissal without consideration of the merits of a motion to dismiss under local rule requiring response within ten days of the filing of a motion was unwarranted); *see also Fields v. Checkr Grp. Inc.*, No. 1:24-CV-2122, 2025 WL 2270151, at *1 (N.D. Ga. May 29, 2025), *report and recommendation adopted*, 2025 WL 2270148 (N.D. Ga. June 20, 2025) ("[T]he Court does not rubber-stamp a requested dismissal and instead determines independently whether there is a sound legal basis for dismissal or the entry of summary judgment."). "When a motion to dismiss is granted as unopposed, the actual grounds for dismissal are the grounds chiefly asserted in said motion to dismiss. Accordingly, Plaintiffs' decision not to proffer argument or authority in response to the Motion[ ] is at their peril." *Wells v. State Farm Fire & Cas. Co.*, No. 7:24-CV-117, 2025 WL 2484022, at *2 (M.D. Ga. Aug. 28, 2025) (alterations adopted) (internal citations and quotation marks omitted). Although the Court must consider Defendant's Motion to Dismiss on the merits, the Court does not, and may not, serve in the role of Plaintiffs' counsel.

---

[3] Decisions of the former Fifth Circuit handed down prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

### B. The Allegations

With this standard in mind, the Court briefly recounts the allegations in the Complaint. (Doc. 1-2 at 1–8). As alleged, Plaintiffs own the property and improvements thereon located at 3882 Orchard Way, Valdosta, Georgia, in Lowndes County, Georgia (the "Property"). (Doc. 1-2 ¶ 1). The Property was insured by Defendant under Policy No. 81-GK-0576-5 ("Policy")[4] which provides insurance coverage to the Property against sudden and accidental direct physical loss. (*Id.* ¶¶ 5–6). The Policy was in effect on September 27, 2024, when the Property sustained a covered loss as a result of Hurricane Helene ("Loss"). (*Id* ¶ 7). Plaintiffs allege the Loss is covered by the Policy which was reported to Defendant promptly after it occurred. (*Id.* ¶ 8–9). Defendant assigned Claim No. 11-74L7-98J to Plaintiffs' Loss and inspected the Property. (*Id.* ¶ 9, 11). Plaintiffs contend that they have fully cooperated with Defendant and its representatives to make the Property available for inspection, and they have performed all applicable conditions precedent as required under the Policy. (*Id.* ¶¶ 10, 17).

Plaintiffs allege that Defendant has acknowledged coverage of the Loss is due. However, they further allege that Defendant breached the Policy by failing to fully indemnify them for damages stemming from the Loss, that it is clear the Property sustained covered damages in excess of those acknowledged by Defendant, and that even though Plaintiffs requested Defendant re-evaluate their claim, Defendant refused to do so. (*Id.* ¶¶ 13–16). Plaintiffs contend Defendant has not acted fairly and honestly toward them in assessing their Loss. (*Id.* ¶ 16).

Plaintiffs contend they are entitled to replacement cost of the actual physical damage to the Property caused by the Loss, that they have exhausted all reasonable means possible to resolve this dispute with Defendant, but were constrained to hire legal counsel, incurring additional expenses, and filing of their lawsuit, to resolve this matter. (*Id.* ¶ 18). Plaintiffs claim they incurred damages in an amount to be determined at trial, but not to exceed $74,999. (*Id.* ¶ 19).

---

[4] A copy of the Policy is attached to the Complaint as Exhibit A. (*See* Doc. 1-2 at 9–62).

## C. Analysis

Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety. As to Count I—breach of contract, Defendant contends that Plaintiffs failed to allege a breach of contract with sufficient specificity to satisfy federal pleading standards and that Plaintiffs failed to specify the amount of damages they incurred. (Doc. 7-1 at 6–8). As to Plaintiffs' request for relief based on allegations of Defendant's bad faith, Defendant contends that Plaintiffs failed to state a claim for bad faith penalties under O.C.G.A. § 33-4-6. (*Id.* at 8–11). Finally, Defendant contends that Plaintiffs failed to state a claim for prejudgment interest because O.C.G.A. § 33-4-6 provides the exclusive procedure for insureds to recover "extra-contractual damages" against their insurer. (*Id.* at 11–12).

### 1. *Plaintiffs pled sufficient facts to plausibly state a claim for breach of contract under Twombly and Iqbal.*

To state a claim for breach of contract, Plaintiffs must plausibly allege that Defendant owed them a contractual obligation and that it breached that obligation, causing Plaintiffs to incur damages. *See Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1237 (11th Cir. 2019) (citing *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010)); In *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020), the Eleventh Circuit explained that a plaintiff failed to plead plausibly a Georgia breach of contract claim under the Federal Rules of Civil Procedure where he did "not allege[ ] *any* general or specific provision of *any* contract that [defendant] might have breached." (Emphasis added). Defendant asserts that Plaintiffs' claim fails at the breach element because Plaintiffs make only conclusory allegations (Doc. 7-1 at 6). Defendant further argues that Plaintiffs make no allegations as to the exact provisions of the Policy which (1) entitle them to recovery and (2) Defendant breached (*Id.*) Defendant also asserts that Plaintiffs failed to specify the amount of the Loss. (*Id.* at 7–8).

As to Defendant's assertion that Plaintiffs' allegations are conclusory, Defendant quotes only two paragraphs in Plaintiffs' Complaint as examples of conclusory allegations. Paragraph 16 in which Plaintiffs allege Defendant "failed to adequately compensate the [Plaintiffs] for the entire Loss[,]" and paragraph 23 alleging that Defendant "has frivolously and baselessly failed to acknowledge that additional payment would be forthcoming, and it has failed to adequately provide coverage under the terms of the Policy." (Doc. 7-1 at 6).

5

Defendant completely ignores the allegations contained in paragraphs 5–19 which are summarized above and which (1) allege the Policy was issued by Defendant to insure Plaintiffs' Property against sudden and accidental direct physical loss, (2) identifies the Policy by Policy Number, and (3) alleges the Policy was in effect on the date of the Loss. The Complaint goes on to specifically set out the date and cause of the Loss; *i.e.*, that on September 27, 2024, the Property sustained a covered loss as a result of Hurricane Helene. In addition, Plaintiffs allege that under the Policy, they are entitled to replacement cost of the actual physical damage to the Property caused by the Loss, and that Defendant has not fully indemnified Plaintiffs for the Loss. They further allege that Defendant has refused to re-evaluate the Loss without giving a basis for such refusal. Plaintiffs allege they have incurred additional expenses protecting the Property by making temporary repairs to the Property in mitigation of damages. (Doc. 1-2 ¶ 26). Finally, Plaintiffs allege Defendant materially breached the Policy by failing to tender an appropriate amount to repair the Property, and by failing to fully indemnify Plaintiffs for damages stemming from the Loss and that they continue to suffer losses and incur expenses.

In other words, Plaintiffs alleged the Policy provisions Defendant breached; *i.e.*, the provisions which provided coverage for sudden and accidental direct physical loss caused by a hurricane and the provision regarding Plaintiffs' entitlement to replacement costs. *See Boyd v. State Farm Fire & Casualty Co.*, No. 7:24-cv-116, 2025 WL 1073710, at *4 (M.D. Ga. Apr. 9, 2025) (denying motion to dismiss breach of contract claim regarding similar insurance policy provisions on basis that plaintiff did not plead the specific provision breached with sufficient particularity under federal pleading standards).

Further, the Defendant has acknowledged coverage of the Loss and is fully aware of its own relevant Policy provisions. (Compl. Doc. 1-2 ¶ 13). Thus, the Court finds Plaintiffs pled sufficient facts to identify the allegedly breached provisions of the Policy and sufficient facts to plausibly state a claim for breach of contract under *Twombly* and *Iqbal*.

Next, Defendant argues that Plaintiffs failed to state a claim for breach of contract because they did not specify the dollar amount of their damages. Defendant cites one unreported, nonbinding case, *Bauer v. State Farm Life Ins. Co.*, No. 1:21-CV-00464, 2022 WL 912687 (N.D. Ga. Mar. 28, 2022), as support for this argument. In any event, *Bauer* is distinguishable from this case alleging a breach of contract claim involving hurricane damage.

6

*See Boyd*, 2025 WL 1073710 (distinguishing *Bauer* on basis that elements for a breach of contract and conversion of money claims are not analogous); *Wells v. State Farm Fire & Cas. Co.*, No. 7:24-CV-117, 2025 WL 2484022, at *3 (M.D. Ga. Aug. 28, 2025) (same).

In *Bauer*, the district court granted a motion to dismiss plaintiff's conversion claim against defendant because plaintiff failed to allege an identifiable sum of money that defendant allegedly converted from her account. *Bauer*, 2022 WL 912687. The district court explained that plaintiff's failure to identify the amount of money lost was detrimental to her claim because "money can [only] be the subject of a conversion claim as long as the allegedly converted money is specific and identifiable." *Id.* at 2. Here, as in *Boyd* and *Wells*, Plaintiff asserts a breach of contract claim—not a conversion claim. (Doc. 1-2 ¶¶ 21–29). The elements for a breach of contract claim and conversion of money claim are not analogous. Defendant did not cite any other support for its position that the Plaintiffs are required to state a specific dollar amount of their alleged damages to satisfy *Iqbal* and *Twombly* pleading requirements to state a claim for breach of contract.

Further, Plaintiffs state they suffered physical damage to the Property in an amount to be determined at trial, but not exceeding $74,999, and they make a claim for bad faith damages of no less than $5,000.

In sum, the Court finds that Plaintiffs pled sufficient facts to plausibly state a claim for breach of contract. Accordingly, the Court finds that dismissal of Count I is not warranted on the grounds that Plaintiffs failed to state a claim, and Defendant's Motion to Dismiss Count I is **DENIED**.

2. *Plaintiffs pled sufficient facts to plausibly state a claim for bad faith penalty and attorney's fees.*

Defendant contends that Plaintiffs failed to adequately allege a bad faith claim pursuant to O.C.G.A. § 33-4-6 which provides:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

O.C.G.A. § 33-4-6. To state a claim for an insurer's bad faith under O.C.G.A. § 33-4-6, Plaintiffs must allege facts which establish: "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." *Barron v. State Farm Fire & Cas. Co.*, No. 7:25-CV-4, 2025 WL 2045728, at *3 (M.D. Ga. July 21, 2025) (quoting *BayRock Mortg. Corp. v. Chi. Title Ins. Co.*, 648 S.E.2d 433, 435 (Ga. Ct. App. 2007) (citing O.C.G.A. § 33-4-6))); *see also Lavoi Corp. v. Nat'l Fire Ins. of Hartford*, 666 S.E.2d 387, 392 (Ga. Ct. App. 2008) (same). "Since the statute imposes a penalty, its requirements are strictly construed." *BayRock Mortg. Corp.*, 648 S.E.2d at 435 (citation omitted).

To recover damages, there must be "a loss which is covered by a policy of insurance[.]" O.C.G.A. § 33-4-6. "[A] plaintiff cannot recover for an insurer's bad faith refusal to pay a claim where no coverage exists[.]" *State Farm Fire & Cas. Co. v. Diner Concepts, Inc.*, 370 F. App'x 56, 58 (11th Cir. 2010) (per curiam). As discussed above,[5] Plaintiffs have pled sufficient facts to plausibly state a claim for breach of contract under *Twombly* and *Iqbal*.

Defendant contends that Plaintiffs fail to state a claim for bad faith because their "demand for payment under the Policy was not proper as the demand was not made at a time when immediate payment was due." (Doc. 7-1 at 10). Defendant states relevant Policy provisions provide:

> **SECTION I - CONDITIONS**
>
> **2. Your Duties After Loss.** After a loss to which this insurance may apply, **you** must cooperate with **us** in the investigation of the claim and also see that the following duties are performed:
>
> . . . .
>
>> e. submit to **us**, within 60 days after the loss, **your** signed, sworn proof of loss . . .
>
> . . . .
>
> **8. Loss Payment.** **We** will adjust all losses with **you**. **We** will pay **you** unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after **we** receive **your** proof of loss . . .

---

[5] *See supra* Part III.C.1.

(Doc. 7-1 at 10 (emphasis in original)). Defendant argues that submitting a sworn proof of loss is required before payment is due under the Policy and payment must be due before Plaintiffs' demand for payment was made in order for their bad faith claim to survive. Therefore, according to Defendant, Plaintiffs' statements that they "satisfied all post-loss obligations" under the Policy and that they made a "timely written demand" required for their bad faith claim under § 33-4-6 are merely legal conclusions that the Court does not have to accept. The Court disagrees. Plaintiffs made a factual allegation that they "satisfied all post-loss obligations" which the Court accepts as true at the motion to dismiss stage. Plaintiffs made a factual allegation that they made a "timely written demand" for payment. Again, the Court accepts this allegation as true at this stage of the litigation.

Further, Defendant did not complete the quote on the conditions of payment of the loss. The last sentence of that provision provides as follows: "Loss will be payable 60 days after we receive your proof of loss *and: a. reach agreement with you; b. there is an entry of a final judgment; or c. there is a filing of an appraisal award with us.*" (Policy, Doc. 1-2 at 39 (emphasis added)). Thus, Defendant's argument is nonsensical. No insured could state a bad faith claim under Defendant's interpretation of § 33-4-6 as applied to its Policy because payment would not be due until 60 days after it receives a sworn proof of loss *and* reaches an agreement with the insured, a final judgment is entered, or an appraisal award is filed with it.

Based on the foregoing, the Court finds that dismissal of Plaintiffs' bad faith claim under O.C.G.A. § 33-4-6 is not warranted on the grounds that Plaintiffs failed to state a claim as represented by Defendant, and accordingly, Defendant's Motion to Dismiss Plaintiffs' request for relief of bad faith damages is **DENIED**.

3. *Prejudgment Interest*

Plaintiffs request compensatory damages, attorney's fees, pre- and post-judgment interest, and such other relief as the Court deems proper in their breach of contract claim (Doc. 1-2 ¶ 29) and in their general Prayer for Relief (*Id.* ¶ 31.b, d, f). Defendant contends that O.C.G.A. § 33-4-6 is the exclusive provision under which an insured can recover "extra-contractual damages" against his/her insurer, and thus an insured cannot seek recovery of pre-judgment interest under O.C.G.A. § 13-6-13. (Doc. 6-1 at 14–15). The phrase "extra-contractual damages" is an undefined term apparently coined by Defendant which appears

9

nowhere in § 33-4-6. Neither does the term "prejudgment interest" appear in § 33-4-6. Defendant's argument fails for two reasons.

First, Plaintiffs have not specified the statute under which they seek prejudgment interest, and the Defendant does not suggest that the failure to do so is a basis for denial of such relief.

Second, even if Plaintiffs had cited § 13-6-13 as the relevant statute, this Court finds Defendant's argument that prejudgment interest is not available under such section is incorrect. O.C.G.A. § 13-6-13 specifically provides: "In *all* cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery." (Emphasis added). Further, none of the cases cited by Defendant dealt with an award of prejudgment interest under § 13-6-13 against an insurer. And none of those cases held that § 33-4-6 is the exclusive provision under which an insured can recover prejudgment interest against his/her insurer. Defendant's coining of the term *extra-contractual* in its Motion to Dismiss, in an apparent attempt to sweep the award of prejudgment interest into § 33-4-6, is misleading and misrepresents the statutes and case law. Rather each case cited by Defendant held that the insured could not recover *attorney fees* under § 13-6-11 which is the general statute allowing an award of attorney fees and costs of litigation. Defendant argues that "[b]ecause O.C.G.A. § 33-4-6 constitutes an insured's exclusive remedy for recovery of extra-contractual damages against his/her insurer, an insured may not seek recovery of pre-judgment interest under . . . O.C.G.A. § 13-6-13." (Doc. 7-1 at 11–12). Defendant cites as direct, not analogous, support—*Adams v. Unum Life Ins. Co. of Am.*, 508 F. Supp. 2d 1302, 1319 (N.D. Ga. 2007). Neither the phrase "prejudgment interest" nor reference to O.C.G.A. § 13-6-13 appear in *Adams*. Instead, *Adams* discusses only attorney fees in the context of §§ 13-6-11 and 33-4-6. Once again, where none of the cases cited by Defendant discuss prejudgment interest nor § 13-6-13, the Court finds Defendant's arguments as iterated in its Motion to Dismiss unpersuasive. Prejudgment interest is not a cost of litigation. Defendant's undefined phrase "extra-contractual damages," appears nowhere in § 33-4-6. Neither do the terms "prejudgment interest" or "interest" appear in such statute. Thus, the Court declines to adopt Defendant's argument and finds that, pursuant to the plain language of the statute, an insured may seek prejudgment interest under § 13-6-13.

Based on the foregoing, the Court finds that dismissal of Plaintiffs' prayer for relief in the form of prejudgment interest is not warranted on the grounds that Plaintiffs failed to state a claim as represented by Defendant. Accordingly, Defendant's Motion to Dismiss Plaintiffs' request for prejudgment interest relief is **DENIED**.

### D. Conclusion as to Motion to Dismiss

Upon a full review of the pleadings, Defendant's brief, and the Record in this matter, and for the reasons stated above, Defendant's Motion to Dismiss (Doc. 7) is **DENIED**.

## IV.  MOTION FOR ORAL ARGUMENT

Defendant requests that the Court hold a hearing on the Motion to Dismiss. Neither the Federal Rules of Civil Procedure nor the Court's local rules entitle litigants to oral argument on motions to dismiss, and the Court is not required to hold a hearing before resolving a motion to dismiss. *See Roberts v. FNB S. of Alma*, 716 F. App'x 854, 857 (11th Cir. 2017) (citing *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998)); *see also Coney v. Macon-Bibb Cnty*, No. 5:19-cv-00145, 2019 WL 13098500, at *1 (M.D. Ga. June 6, 2019) (first citing *Thomas v. United States*, 245 F. App'x 18, 19–20 (Fed. Cir. 2007); and then citing *Barker v. Norman*, 651 F.2d 1107, 1119 (5th Cir. 1981)); M.D. Ga. L.R. 7.5 (explaining that courts in this district decide all motions "without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel"). As set forth above, the Court has resolved the Motion to Dismiss based on the filings which the Court finds fully adequate for its review and decision. Thus, oral argument is unnecessary, and Defendant's Motion for Oral Argument (Doc. 8) is **DENIED**.

**SO ORDERED**, this 27th day of March 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

11